IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **JAMES DONALD WESTFALL,** § | | |
| TDCJ No. 1474990, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | Civil Action No. 7:18-cv-00023-O-BP |
| § | | |
| **LORIE DAVIS,** Director, § | | |
| **Texas Department of Criminal Justice,** § | | |
| **Correctional Institutions Division,** § | | |
| § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a Petition for a Writ of Habeas Corpus filed by Petitioner James Donald Westfall pursuant to 28 U.S.C. § 2254. ECF No. 1. After considering the pleadings and the applicable law, the undersigned **RECOMMENDS** that United States District Judge Reed C. O'Connor **DISMISS** the Petition for Writ of Habeas Corpus (ECF No. 1) **with prejudice** as time-barred.

**BACKGROUND**

Petitioner James Donald Westfall ("Westfall") is a prisoner confined in the Estelle Unit of the Texas Department of Criminal Justice ("TDCJ") in Huntsville, Texas. ECF No. 1 at 1. According to Westfall's Petition for a Writ of Habeas Corpus (the "Petition"), he was convicted in December 2007. *Id.* at 2. The TDCJ website reflects that he received a life sentence for possession of child pornography and a forty-year term for aggravated sexual assault. Offender Information Details, Texas Department of Criminal Justice,

https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=02955047 (last visited May 4, 2018). Westfall did not file a direct appeal or a state habeas petition. ECF No. 1 at 3.

In his Petition, Westfall states the following grounds for habeas relief: (1) violation of due process because the State of Texas is a corporation and so cannot be a proper plaintiff in a criminal case; (2) his conviction is void because the State of Texas misapplied a "Corporate-Only" statute to a human being; (3) his conviction resulted in Westfall being indentured without a contract to the "Corporate-Defendant"; (4) ineffective assistance of counsel because his defense attorney was an arm of the State; (5) violation of due process because there was a "lack of International-Contract" in the record; (6) violation of due process because the prosecutor was a member of the judiciary rather than the executive branch; (7) denial of due process because the Judge, clerks, and attorneys in his criminal case knew that Texas was a legal fiction; (8) violation of due process because the arrest warrant was issued by a "Non-Constitutional Legislative Entity"; and (9) violation of due process because he has been falsely imprisoned. *Id.* at 6–8. Westfall attached a memorandum in support of his Petition. ECF No. 2.

**LEGAL STANDARD AND ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of several dates, including, relevant to this case, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A). State law determines how long a prisoner has to file a direct appeal. *Roberts v. Cockrell*, 319 F.3d 690, 693–94 (5th Cir. 2003). In Texas, a prisoner has thirty days after the day of conviction to file a timely notice of appeal. Tex. R. App. P. 26.2(a)(1). If the

prisoner does not file an appeal in that time, then the conviction becomes final for purposes of AEDPA and the one-year limitations period begins to run when the thirty-day period for filing a notice of appeal ends. *Roberts*, 319 F.3d at 694. A later application for state habeas relief has no effect on AEDPA's limitations period. *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999); *see also Roberts*, 319 F.3d at 694–95; *Scott v. Johnson*, 227 F.3d 260, 262–63 (5th Cir. 2000).

Westfall was convicted in December 2007. ECF No. 1 at 2. He did not file a direct appeal or a state habeas petition. ECF No. 1 at 3. Therefore his one-year limitations period began to run in January 2008, and ended in January 2009. *See* 28 U.S.C. § 2244(d)(1)(A). The Petition was filed over nine years after the end of the statute of limitations period under AEDPA, and therefore the Petition is time-barred.

Westfall does not raise any valid counterarguments to the issue of whether his Petition is time-barred. He does not give any facts or legal arguments specific to his convictions for child pornography and aggravated sexual assault. Instead, he writes that "Actual-Innocence, Fraud via Motion/FRCP Rule 60, Subject-Matter Jurisdiction Un-Constitutional Acts are never time barred. With Our 1st Amendment Right to redress the Courts. The Writ of Habeas Corpus shall never be suspended or barred." ECF No. 1 at 9. He also notes in the margin next to the recitation of AEDPA in the Court's habeas form that AEDPA is unconstitutional and "You are Dissolved and Insolvent 31 USC 5118–5119 31 USC 5112 You have No Authority!" *Id.*

These arguments derive from the so-called "sovereign citizen movement" and are legally frivolous. Title 28 U.S.C. § 1915(e)(2)(i) requires dismissal of frivolous actions. An action "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A pleading lacks an arguable basis in law "if it is based on an indisputably meritless legal theory," and it lacks an arguable basis

3

in fact "if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib*, 138 F.3d 211, 213. Baseless allegations include those that are fanciful, fantastic, delusional, irrational, or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). The statute gives judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 32 (citing *Neitzke*, 490 U.S. at 327).

Sovereign-citizen legal arguments like those found in Westfall's petition are indisputably meritless. So-called sovereign citizens argue that, though they are born and reside in the United States, they are their own sovereigns and are not United States citizens. *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011). They claim as grounds for this belief the Uniform Commercial Code, maritime and admiralty law, the idea of strawman trusts, and Bible verses. *E.g., Mason v. Anderson*, No. CV H-15-2952, 2016 WL 4398680, at *2 (S.D. Tex. Aug. 18, 2016). Sovereign citizens often attempt to use these beliefs to "avoid paying taxes, extinguish debts, and derail criminal proceedings." *Gravatt*, 100 Fed. Cl. at 282. However, these citizens cannot claim to be sovereigns independent of governmental authority while they simultaneously ask the judicial system to grant them recourse. *Mason*, No. CV H-15-2952, 2016 WL 4398680, at *2. Courts routinely dismiss sovereign citizen claims. *Id.*; *see also, e.g., Berman v. Stephens*, No. 4:14-CV-860-A, 2015 WL 3622694, at *2 (N.D. Tex. June 10, 2015) (collecting cases) ("His reliance on the UCC or a so-called 'sovereign citizen' theory that he is exempt from prosecution and beyond the jurisdiction of the state or federal courts is frivolous. The same or similar arguments have been repeatedly rejected by other courts and are rejected by this Court.").

Westfall's filings in this case are replete with identifying characteristics of the sovereign citizen movement. He claims that the United States and Texas are both corporations. ECF No. 1

at 6; No. 2 at 2. Westfall asserts that this Court is in fact an admiralty court, as proven by the "gold-fringe-flag" displayed in District Court courtrooms. ECF No. 2 at 3; No. 1 at 6. He claims that all lawyers and judges are British nobility, making the American people slaves to the British crown, because the legal bar is in reality an acronym for "The British Accredited Registry Association." ECF No. 2 at 10. Westfall claims that all criminal prosecutions by the State of Texas are unconstitutional, and no government can deal with human beings because it is an artificial person that can deal only with other artificial persons. ECF No. 1 at 8; No. 2 at 11. He argues that AEDPA is unconstitutional because of 31 U.S.C. §§ 5112, 5118, and 5119, which are inapplicable statutes concerning the minting of coins, gold clauses, and the redemption and cancellation of currency. *See* ECF No. 1 at 9. These arguments are legally frivolous and do not provide any basis for tolling or abandoning the statute of limitations under AEDPA.

Though Westfall did not address this issue, the undersigned will additionally consider whether the circumstances of the instant case warrant the application of equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (holding that the one-year statute of limitations is subject to equitable tolling). Under Fifth Circuit precedent, this one-year period of limitations may be equitably tolled, thereby saving a time-barred petition, only "in rare and exceptional circumstances . . . ." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). "To obtain the benefit of equitable tolling, [the petitioner] must establish that (1) he pursued habeas relief with 'reasonable diligence,' and (2) some 'extraordinary circumstances' stood in his way and 'prevented' timely filing." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (quoting *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012)). Westfall has alleged no facts that suggest rare and exceptional circumstances, as all of

5

his arguments are legally frivolous, sovereign-citizen arguments. Equitable tolling is therefore not warranted in this case.

## CONCLUSION

After considering the pleadings and the applicable law, the undersigned **RECOMMENDS** that United States District Judge Reed C. O'Connor **DISMISS** the Petition for Writ of Habeas Corpus (ECF No. 1) **with prejudice** as time-barred.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed May 4, 2018.

                                                                                              _____
                                                                                              Hal R. Ray, Jr.
                                                                                              UNITED STATES MAGISTRATE JUDGE